# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MERRILL DEJOHN CARTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-743-D |
| R. B. HAUF, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, Plaintiff's action should be dismissed without prejudice because he has failed to comply with this Court's order to cure deficiencies, and thus has failed to prosecute his case.

### I. Procedural History

On July 12, 2017, Plaintiff filed his initial pleading. *See* Complaint [Doc. No. 1]. On the same date, Plaintiff filed an incomplete application for leave to proceed in forma pauperis. By Order [Doc. No. 5] dated July 13, 2017, the Court directed Plaintiff to cure the deficiencies in his application. Specifically, the Court ordered Plaintiff to submit a signed in forma pauperis application with financial information signed by an authorized officer of the penal institution, and a certified copy of the plaintiff's institutional accounts statement from the appropriate official of each penal institution or jail at which the plaintiff is or was confined during the six-month period immediately preceding the filing of his Complaint and application.

Plaintiff did not timely cure the deficiency as directed. What is more, the Order to Cure Deficiencies, which had been mailed to Plaintiff at his address of record, was returned to the Court as undeliverable. To date, Plaintiff has failed to provide the Court with his new address or with a properly executed and complete application to proceed in forma pauperis.

**II.     Analysis**

Plaintiff has failed to comply with the provisions of 28 U.S.C. § 1915(a)(2) and this Court's local rules. *See* LCvR 3.2, 3.3 and 3.4. Plaintiff's unexcused delay in curing the deficiencies identified above constitutes a failure to prosecute this action, and as a result, this action should be dismissed without prejudice to refiling. *See, e.g.*, *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing a district court's authority to dismiss a case sua sponte for failure to prosecute). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236.

This Court attempted to warn Plaintiff that his failure to pay his filing fee or submit a complete application to proceed in forma pauperis could result in the dismissal of this action. But Plaintiff has failed to inform the Court of his current address. Plaintiff's failure to comply has interfered with the Court's ability to manage its docket and resolve this action in an orderly and expeditious manner. Under these circumstances, it is recommended that the action be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to the filing of a new action.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by September 5, 2017. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 15th day of August, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE